# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Haleigh Darsonval, individually and on behalf of all other similarly situated Missouri citizens,<br><br>        Plaintiff,<br><br>v.<br><br>Schwan's Consumer Brands, Inc.,<br><br>        Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE**, that Defendant Schwan's Consumer Brands, Inc. ("Schwan's" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1446, & 1453, hereby removes the putative class action pending in the Circuit Court of the City of St. Louis, Missouri, Case No. 2022-CC01185, to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal, Schwan's respectfully states as follows:

## THE REMOVED CASE

1.    The removed case is a civil action commenced by the filing of a Petition entitled *Haleigh Darsonval, individually and on behalf of all other similarly situated Missouri citizens, v. Schwan's Consumer Brands, Inc.*, Case No. 2022-CC01185 (the "Removed Case"), on or about June 18, 2020. Plaintiff Haleigh Darsonval ("Plaintiff") served Schwan's with a Summons and Petition via registered agent on July 7, 2020, and served the Summons and Petition a second

time on July 15, 2020.

2. Plaintiff, individually and allegedly on behalf of all other similarly situated Missouri citizens, purports to challenge Schwan's labeling and product descriptions for several kinds of Freschetta®-brand frozen pizzas, specifically Freschetta's Brick Oven Crust Five Cheese Pizza, Naturally Rising Crust Four Cheese Pizza, Gluten Free Four Cheese Pizza, Gluten Free Spinach & Roasted Mushroom Pizza, and Whole Grain Crust Four Cheese Pizza (the "Pizzas"). Plaintiff alleges that Schwan's description that the Pizzas are "Preservative Free" and have "No Artificial Flavors" are false and misleading to consumers. (Petition ¶¶ 26-37.)

3. Plaintiff's Petition includes three counts.

    a. In Count I of the Petition, Plaintiff alleges that Schwan's violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.020, 407.025.

    b. In Count II, Plaintiff alleges Breach of Express Warranty.

    c. In Count III, Plaintiff alleges Unjust Enrichment.

4. Plaintiff's Prayer for Relief in the Removed Case requests class certification, damages, disgorgement, restitution, pre- and post-judgment interest, and attorney's fees. (*Id.* p. 13.)

5. There have been no proceedings before the State Court in connection with the Removed Case, and there has been no previous application made for the relief requested by this Notice of Removal.

## PAPERS FROM THE REMOVED CASE

6. Pursuant to 28 U.S.C. §1446(a) and Local Rules 2.03 and 2.02, copies

of the following are attached to this Notice of Removal:

    a. The complete file from the State Court, all summons and return of summons (if any), process, pleadings and orders served upon Schwan's in the Removed Case, are attached hereto as **Exhibit A**.

    b. The Original Filing Form/Designation Sheet is attached hereto as **Exhibit B**.

    c. The Civil Cover Sheet is attached hereto as **Exhibit C**.

    d. The Notice of Filing Notice of Removal is attached hereto as **Exhibit D**.

## GROUNDS FOR REMOVAL

### I. Removal is Timely.

7. The Petition in the Removed Case was served on Schwan's on or about July 7, 2020, and again on July 15, 2020. (*See* Exhibit A (Summonses).) Accordingly this Notice of Removal has been properly filed within thirty (30) days following the service of the Petition, the initial pleading setting forth the claims for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

### II. The Court Has Jurisdiction over the Removed Case.

8. Removal of a state court action to federal court is proper when the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). This Court has original diversity jurisdiction over the Removed Case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. As set forth below, the Removed Case is a civil action in which (a) Schwan's is a citizen of a different

3

State than Plaintiff and one or more members of the putative class, (b) the putative class consists of more than 100 members, and (c) the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d).

9. A notice of removal need only provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The rule governing the content of a notice of removal, 28 U.S.C. § 1446, "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof is only necessary if the allegations in the notice of removal are contested. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016) (same). The requirements for removal are satisfied here.

### A. Minimal Diversity Is Satisfied.

10. Original jurisdiction under CAFA exists when the parties in a class action are minimally diverse, including when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. **Schwan's:** For purposes of diversity jurisdiction, corporations are deemed to be citizens of their state of incorporation and the location of their principal place of business. 28 U.S.C. § 1332(c). Schwan's is a Georgia corporation with its principal place of business in Bloomington, Minnesota. (Petition ¶ 17.)

12. **Plaintiff:** Plaintiff alleges in her Petition that she is a "Missouri citizen" residing in the City of St. Louis, Missouri. (*Id.*)

13. **The Proposed Class:** Plaintiff seeks to represent a class of all current Missouri citizens who purchased any of the Pizzas for personal, family, or household purposes in the five years preceding the filing of the Petition. (*Id.*

¶ 38.)

14. The minimal diversity requirements of CAFA are satisfied, and in fact complete diversity exists, because Schwan's is a citizen of Minnesota and Georgia and Plaintiff and members of the putative class are citizens of Missouri.

15. Schwan's is not a citizen of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

### B. The Removed Case Purports to Be Brought on behalf of a Class with at least 100 Members.

16. The Removed Case purports to be brought by Plaintiff on behalf of "all similarly situated Missouri citizens," defined to include citizens that purchased any of the Pizzas over the last five years. (Petition p. 1 & ¶ 38.)

17. Plaintiff alleges that the "Class consists of hundreds of purchasers." (*Id.* ¶ 40.) In fact, Schwan's sold over 600,000 of the Pizzas to retailers located in Missouri during the 5-year period from July 2015 to June 2020.

18. By any reasonable estimate, the proposed class includes at least tens of thousands of members, easily satisfying CAFA's jurisdictional requirement of at least 100 members.

### C. The Removed Case Satisfies the CAFA Threshold Amount in Controversy.

19. As required by 28 U.S.C. § 1332(d)(2), the amount in controversy in the Removed Case exceeds the sum or value of $5,000,000, taking into account damages and attorney's fees, exclusive of interest and costs.

20. In assessing this requirement, "the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Hargis v. Access Capital Funding, LLC*, 674 F.3d

5

783, 789 (8th Cir. 2012) (emphasis in original).

21.     Plaintiff conspicuously drafted her Petition to attempt to avoid removal by attempting to reduce the amount in controversy below the jurisdictional minimum:

   a. First, Plaintiff alleges that the value of each class member's individual damages claim is, at most, the purchase price they paid for the Pizzas, which Plaintiff alleges were sold for $9.99 each. (Petition ¶¶ 16 & 19.)

   b. Second, Plaintiff makes a conclusory allegation that because her individual claim is typical of all class members, the total damages, inclusive of costs and attorneys' fees, is "far less than the five million dollar ($5,000,000) minimum threshold to create federal jurisdiction [under CAFA]." (*Id.* ¶ 20.)

   c. Third, although claimants under the Missouri Merchandising Practices Act may be entitled to punitive damages under Mo. Rev. Stat. § 407.025, in a continued attempt to plead around federal jurisdiction Plaintiff further alleges that neither she nor the proposed class members will seek punitive damages or statutory penalties. (*Id.* ¶ 25.)

   d. Plaintiff goes on to conclude that there "is therefore no diversity *or* CAFA jurisdiction for this case." (Petition ¶ 21 (emphasis added).)

22.     As stated above, Plaintiff seeks up to a full "refund of the purchase price" on behalf of all Missouri citizens who purchased Pizzas for personal or

6

household use from June 22, 2015 to June 22, 2020. (Petition ¶¶ 19, 38.) Plaintiff alleges that that the purchase price for the pizza she bought was $9.99 and that the "value of Plaintiff's claim is typical of all class members with respect to the value of the claim." (*Id.* ¶¶ 16, 20.)  During the July 2015 to June 2020 period, Schwan's sold 675,686 Pizzas to retailers located in Missouri. A full refund of the alleged $9.99 purchase price for 641,251 Pizzas sold to Missouri retailers during the five-year period, which is a reasonable estimate of the volume purchased by the putative class, would result in refund damages of $6,750,103, exceeding the jurisdictional minimum.[1]

---

[1] *See Raskas*, 719 F.3d at 886-88 (total sales figures in Missouri during five-year class period for medications underlying MMPA class action was appropriate method for determining amount in controversy, even though plaintiffs sought recovery on only a subset of those medication sales) (information "detailing the total sales of their respective medications in Missouri meets the amount in controversy requirement," because "Defendants are not required to provide a 'formula or methodology for calculating the potential damages' more accurately"); *Embry v. Ventura Foods, LLC*, No. 4:19-cv-2773SNLJ, 2020 WL 3077058, at *2 (E.D. Mo. June 10, 2020) (where MMPA putative class representative alleged "that the total value of [her] individual claim is, at most, equal to . . . the refund of the purchase price paid," multiplying plaintiff's alleged purchase price times the number of units defendant sold to Missouri retailers met defendant's burden of establishing potential damages for purposes of amount in controversy calculation); *Harrington Enterp., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1198, 1199-1200 (W.D. Mo. 2013) (in MMPA class action alleging that fuel surcharge was an unlawful fee, total amount of fees collected from the class was an appropriate measure of compensatory damages for determining amount in controversy under CAFA); *Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015) (using total sales figure for product in Missouri during alleged class period in calculating amount in controversy for class action alleging claims for violation of the MMPA and unjust enrichment); *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099, CW-W-DW, 2012 WL 1291921, at *1-2  (W.D. Mo. July 10, 2012) (using total retail sales figure of product in Missouri during the alleged class period to determine

23. In addition, both statutory attorneys' fees and punitive damages count toward the jurisdictional minimum for diversity jurisdiction. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2011).

24. Here, Plaintiff asserts a claim and seeks attorneys' fees under the MMPA, Mo. Rev. Stat. § 407.025, which the Court "may award . . . based on the amount of time reasonably expended." Mo. Rev. Stat. 407.025. In similar actions, this Court and other courts have concluded that up to 40% of compensatory damages can be used to estimate potential attorney's fees as a component of the potential amount in controversy. *See Albright v. Lamb Weston, Inc.*, No. 17-cv-02881-HEA, slip op. at 8 (E.D. Mo. Aug. 6, 2018) (Autrey, J) (including "the possible attorney's fees at a rate of 33-40% of the actual damages" in the amount in controversy); *Knowles v. Standard Fire Ins. Co.*, No. 4:11-cv-04044, 2013 WL 3968490, at *6 (W.D. Ark. Aug. 2, 2013) ("The Court finds that it is reasonable to use a 40% multiplier to estimate attorney's fees for the amount in controversy in this case" under the Arkansas Deceptive Trade Practices Act); *see also Faltermeier v. FCA, LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (affirming determination in putative class action that "attorneys' fees could exceed $1.4 million" under the MMPA based on alleged damages of $3,605,010—a 39% rate); *Berry v. Volkswagen Grp. of America, Inc.*, 397 S.W.3d 425 (Mo. 2013) (en banc) (affirming over $6.1 million attorney's fee award in automobile defect class action where the actual recovery by the class was $125,261). A potential 40% fee award on a purchase-price refund measure of compensatory damages would be $2,700,041, increasing the amount in controversy to $9,450,144, far in excess of the jurisdictional minimum.

---

amount in controversy under CAFA in class action asserting claims under MMPA for sale of defective "room fragrance devices").

8

25. By comparison, although Plaintiff's $9.99-per-Pizza damages allegation controls for purposes of determining the amount in controversy, available sales data from Information Resources, Inc. ("IRI"), shows that the actual Missouri sales volume of the Freschetta Pizzas between July 6, 2015 and June 28, 2020 (a period that is virtually identical to, but slightly smaller than, the class period alleged in the complaint) was $4,006,017. Adding Missouri's 1.225% sales tax to that total would result in an aggregate refund of $4,055,091. Adding 40% attorneys' fees to even this amount would yield an award of $5,677,127, exceeding the jurisdictional minimum. *Cf. Faltermeier*, 899 F.3d at 622 (possible compensatory damages of $3,605,010 established amount in controversy due to possible MMPA attorneys' fees); *see also Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010) (actual damages claim of at least $594,000 met the CAFA threshold because "similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorney's fees."); *Baker*, 2015 WL 12843831 at *1 (denying plaintiff's motion to remand and finding that a standard award of attorney's fees, a potential punitive damage award of 3.02 times compensatory damages, and potential compensatory damages of $645,702.33 met jurisdictional requirements); *Wright*, 2012 WL 1291921, at *1-2 (amount in controversy satisfied for CAFA removal in class action asserting claims under MMPA for sale of defective "room fragrance devices" where "total retail sales" of the product in Missouri during the relevant period were $1,067,969); *Harrington Enterp.*, 42 F. Supp. 3d at 1201 (amount in controversy exceed $5,000,000 based actual damage estimated to be $716,330); *Brown v. City Chevrolet*,

9

*LLC*, No. 09–0642–CV–W–GAF, 2009 WL 3485833, at *1 (W.D. Mo. Oct. 28, 2009) (amount in controversy requirement met under CAFA where potential actual damages were approximately $1,004,099); *Bass v. Carmax Auto Superstores, Inc.*, No. 07–0883–CV–W–ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (amount in controversy requirement met under CAFA where potential actual damages were approximately $658,431).

26. The possibility of punitive damages, which the Court has discretion to award under the MMPA, Mo. Rev. Stat. 407.025, only adds to the already sufficient amount in controversy, despite Plaintiff's effort to disclaim such damages on behalf of the putative class. As this Court recently held in *Embry v. Ventura Foods, LLC*, a putative class representative asserting an MMPA claim cannot avoid CAFA removal by disclaiming punitive damages in her complaint. No. 4:19-CV-2773 SNLJ, 2020 WL 3077058, at *3 (E.D. Mo. June 10, 2020) (citing *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 593 (2013)). While Plaintiff is free to cap her own claims, she is unable to bind absent class members to a specific amount in controversy. *Standard Fire*, 568 U.S. at 593; *CMH Homes v. Goodner*, 729 F.3d 832, 838 (8th Cir. 2013). "It is thus not improper to consider the possibility of punitive damages despite plaintiff's disclaimer in light of the fact that they are available under the statute." *Embry*, 2020 WL 3077058, at *2; *but cf. Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (observing in dicta that punitive damages were not in controversy because the plaintiff did not seek them).

27. Missouri law limits punitive damages awards in this context to "five times the net amount of the judgment awarded to the plaintiff against the

defendant." Mo. Rev. Stat. § 510.265; *see also Hervey v. Mo. Dept. of Corr.*, 379 N.W.2d 156, 165 (Mo. 2012) (en banc) ("net amount of the judgment" includes both damages and attorneys' fees). Using a 5X compensatory damages multiplier to approximate the maximum punitive damages award as this Court recently did in *Embry*, 2020 WL 3077058, at *2,[2] the amount in controversy would exceed $45 million under Plaintiff's $9.99-per-Pizza pleaded damages theory and would exceed $27 million when applying Schwan's sales estimates.

28. Because the requirements for this Court's original jurisdiction are satisfied, removal of this action is proper.

## III. Venue Is Proper in this District.

29. Venue in this Court and this District is proper under 28 U.S.C. § 1404(a) because this Court is the Federal Court for the District and Division corresponding to the Circuit Court of the City of St. Louis, Missouri, where the Removed Case is pending.

### FILING OF REMOVAL PAPERS

30. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of the Removed Case is being given simultaneously to Plaintiff's counsel, and a Notice of Filing Notice of Removal is being filed with the State Court. Schwan's will file copies of the aforementioned Notices in this Court upon serving the same upon Plaintiff's counsel and the State Court. *See* Local Rule 2.03.

31. By removing this Action, Schwan's does not waive any rights or

---

[2] *Cf. Grabinski v. Blue Springs Ford Sales, Inc.*, 203 F.3d 1024, 1026 (8th Cir. 2000) (affirming punitive damages award under MMPA in egregious case where "the ratio of the collective punitive damages to the collective actual damages [was] approximately 27:1").

defenses available under federal or state law. Schwan's also does not waive, and expressly reserves, any arguments in opposition to class certification and all arguments and defenses supporting dismissal of the complaint in the Removed Case under Rule 12 of the Federal Rules of Civil Procedure or any similar Missouri Rule or statute, to the extent removal is denied. Similarly, the statements in this Notice should not be construed as an admission that Plaintiff's allegations have any merit or are sufficient to state a claim, nor should it be deemed an admission of liability and/or that Plaintiff or any other putative class members have been damaged or are entitled to any payment.

WHEREFORE Defendant Schwan's Consumer Brands, Inc. hereby removes this case to the United States District Court for the Eastern District of Missouri, Eastern Division; requests that no further proceedings be had in the Circuit Court of the City of St. Louis, Missouri; and, further, requests that this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

DATED: August 3, 2020     By: /s/ *Michael L. Jente*

      **LEWIS RICE LLC**
      Michael L. Jente, #62980(MO)
      Neal F. Perryman, #43057(MO)
      600 Washington Avenue, Suite 2500
      St. Louis, Missouri 63101
      T: (314) 444-7600
      mjente@lewisrice.com
      nperryman@lewisrice.com


      -and-

      **ROBINS KAPLAN LLP**
      Stephen P. Safranski (*pro hac vice* forthcoming)
      Geoffrey H. Kozen (*pro hac vice* forthcoming)
      Amira A. ElShareif (*pro hac vice* forthcoming)
      800 LaSalle Avenue
      Minneapolis, Minnesota 55402
      T: (612) 349-8500
      F: (612) 339-4181
      ssafranski@robinskaplan.com
      gkozen@robinskaplan.com
      aelshareif@robinskaplan.com

      ***Attorneys for Defendant Schwan's Consumer Brands, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 3, 2020, a copy of the foregoing was served via e-mail and U.S. mail, first-class postage prepaid, addressed to the following counsel of record for Plaintiff:

Matthew H. Armstrong
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
matt@mattarmstronglaw.com

and

Stuart L. Cochran
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
stuart@sgc.law

*Attorneys for Plaintiff*

/s/ Michael L. Jente