## Your Missouri Courts

ase.net

Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print

### 2022-CC01185 - HALEIGH DARSONVAL V SCHWANS CONSUMER BRANDS INC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    ○ Ascending

Display Options: All Entries

---

**07/16/2020** ☐ **Corporation Served**
Document ID - 20-SMOS-1470; Served To - SCHWAN'S CONSUMER BRANDS INC; Server - ; Served Date - 15-JUL-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - JANE FLOYD

☐ **Affidavit Filed**
Affidavit of Special Process Server.
   **Filed By:** MATTHEW HALL ARMSTRONG
   **On Behalf Of:** HALEIGH DARSONVAL

**07/06/2020** ☐ **Jury Trial Scheduled**
   **Scheduled For:** 12/14/2020; 9:00 AM ; REX M BURLISON; City of St. Louis

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-1470, for SCHWAN'S CONSUMER BRANDS INC.

**06/26/2020** ☐ **Proposed Order Filed**
Proposed Order for Appointment of Special Process Server.
   **Filed By:** MATTHEW HALL ARMSTRONG
   **On Behalf Of:** HALEIGH DARSONVAL

**06/18/2020** ☐ **Request Filed**
REQUEST FOR SPECIAL PROCESS SERVER
   **Filed By:** MATTHEW HALL ARMSTRONG

☐ **Filing Info Sheet eFiling**
   **Filed By:** MATTHEW HALL ARMSTRONG

☐ **Note to Clerk eFiling**
   **Filed By:** MATTHEW HALL ARMSTRONG

☐ **Pet Filed in Circuit Ct**
Petition and Jury Demand; Entry of Appearance
   **Filed By:** MATTHEW HALL ARMSTRONG
   **On Behalf Of:** HALEIGH DARSONVAL

☐ **Judge Assigned**

---

**EXHIBIT A**

**2022-CC01185**

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| HALEIGH DARSONVAL, individually<br>and on behalf of all other similarly situated<br>Missouri citizens, | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | Div. 1 |
| SCHWAN'S CONSUMER<br>BRANDS, INC., | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |

Serve: SCHWAN'S CONSUMER BRANDS, INC.
      CT Corporation System Inc., RAGT
      1010 Dale St. N.
      St. Paul MN 55517-5603

## PETITION AND JURY DEMAND

Plaintiff, Haleigh Darsonval, individually and on behalf of all similarly situated Missouri

citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel,

and information and belief.

## CASE SUMMARY

1.     This case arises out of Defendant Schwan's Consumer Brands, Inc.'s ("Defendant")

deceptive, unfair, and false merchandising practices regarding its "Freschetta" brand Brick Oven

Crust Five Cheese Pizza; Naturally Rising Crust Four Cheese Pizza; Gluten Free Four Cheese

Pizza; Gluten Free Single Serve Four Cheese Pizza; Gluten Free Spinach & Roasted Mushroom

Pizza; and Whole Grain Crust Four Cheese Pizza (the "Pizzas").

1

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

2.     On the label of the Pizzas, Defendant prominently represents that the Pizzas are "PRESERVATIVE FREE" and contain "NO ARTIFICAL FLAVORS" which leads Missouri citizens to believe that the Pizzas do not contain any preservatives or synthetic flavors.

3.     Defendant's Brick Oven Crust Five Cheese Pizza, however, contains Sodium Stearoyl Lactylate, Enzymes, Mono- and Diglycerides, and Modified Food Starch.

4.     Defendant's Naturally Rising Crust Four Cheese Pizza and Whole Grain Crust Four Cheese Pizza both contain Ascorbic Acid.

5.     Defendant's Gluten Free Four Cheese Pizza contains Citric Acid and Modified Rice Starch.

6.     Defendant's Gluten Free Single Serve Four Cheese Pizza contains Citric Acid and Modified Food Starch.

7.     Defendant's Gluten Free Spinach & Roasted Mushroom Pizza contains Modified Rice Starch and Modified Corn Starch.

8.     Sodium Stearoyl Lactylate and Enzymes work in combination as an anti-staling agent in breads to preserve the softness of the crust during the product's shelf life.  Ascorbic Acid also works as an anti-staling agent to preserve the softness of the crust during the product's shelf life.  Mono- and Diglycerides works as an anti-staling agent in baked goods by slowing the retrogradation of starch during the product's shelf life.  (Collectively, the "Preservatives").

9.     Modified Food Starch, Modified Rice Starch, and Modified Corn Starch are all commercially-manufactured and highly processed, and which contain monosodium glutamate (or "MSG") as a byproduct of the protein processing.  The only purpose for including these synthetic food additives in the Pizzas is to create an MSG-like flavor in the pizza sauce (the "Synthetic Flavor").

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

10.     The Pizzas contain the Preservatives in direct contravention to their label's express representation that the pizzas are "PRESERVATIVE FREE."

11.     The Pizzas contain the Synthetic Flavor in direct contravention to their label's express representation that the pizzas have "NO ARTIFICAL FLAVORS."

12.     Plaintiff and reasonable consumers reasonably believe, define, and assume that Pizzas labeled "PRESERVATIVE FREE" and "NO ARTIFICAL FLAVORS" do not contain any preservatives or synthetic flavors.

13.     Because the Pizzas contain the Preservatives and the Synthetic Flavor, the representation that the Pizzas are "PRESERVATIVE FREE" and have "NO ARTIFICIAL FLAVORS" is unfair, false, deceptive, and misleading.

14.     In addition, by claiming the Pizzas are "PRESERVATIVE FREE" and have "NO ARTIFICIAL FLAVORS," the label of the Pizzas creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Pizzas do not contain preservatives or synthetic flavors, when in fact the Pizzas do contain the Preservatives and the Synthetic Flavor.  Moreover, the overall format and appearance of the label of the Pizzas has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Pizzas do not contain preservatives or synthetic flavors.

15.     Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

16.     Plaintiff, Haleigh Darsonval, is a Missouri citizen residing in the City of St. Louis, Missouri.  On at least one occasion during the Class Period (as defined below), including in March

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

or April 2020, Plaintiff purchased a Freschetta Gluten Free Four Cheese at Target in St. Louis for personal, family, or household purposes.  The purchase price of the Pizza was $9.99.  Plaintiff's claim is typical of all class members in this regard.  Moreover, the label of each of the Pizzas is substantially similar such that Plaintiff has standing to bring claims on behalf of Pizzas she has not actually purchased.

17.    Defendant Schwan's Consumer Brands, Inc., is a Minnesota corporation with its principal place of business in Bloomington, Minnesota.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

19.    Plaintiff believes and alleges that the total value of Plaintiff's individual claim is, at most, equal to the refund of the purchase price paid for the Pizzas.

20.    Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

21.    There is therefore no diversity or CAFA jurisdiction for this case.

22.    Defendant cannot plausibly allege that it has sufficient sales of the Pizzas in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

23.    This Court has personal jurisdiction over Defendant as Defendant has more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed

4

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Sandwiches for sale throughout the State of Missouri.

24.     Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of the City of St. Louis and her injuries occurred in the City of St. Louis.

25.     Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## **ALLEGATIONS OF FACT**

26.     Defendant manufactures, sells, and distributes the Pizzas.

27.     The Pizzas label states: "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS."

28.     Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful preservatives or synthetic ingredients, Defendant sought to take advantage of this growing market by labeling its Pizzas as being "PRESERVATIVE FREE" and  having "NO ARTIFICIAL FLAVORS."

29.     By affixing such a label to the packaging of the Pizzas, Defendant can entice consumers like Plaintiff to pay a premium for the Pizzas or pay more for them than they otherwise would have had the truth be known.

30.     The label of the Pizzas is deceptive, false, and misleading in that Defendant prominently represents that the Pizzas are "PRESERVATIVE FREE" and have "NO ARTIFICIAL FLAVORS," when they are not.

31.     The Pizzas are not in fact free of preservatives or artificial flavors because they contain the Preservatives and the Synthetic Flavor.

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

32.     Consistent with FDA guidance, Plaintiff and reasonable consumers reasonably believe and assume that Pizzas labeled "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS" do not contain any added preservatives or synthetic ingredients.

33.     Neither Plaintiff nor any reasonable consumer would expect to find the Preservatives or Synthetic Flavor in Pizzas labeled "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS."

34.     Neither Plaintiff nor any reasonable consumer would know nor should know that the Pizzas contained the Preservatives and/or the Synthetic Flavor when reviewing the Pizzas' label.

35.     Because of Defendant's deceitful label, Defendant could charge, and Plaintiff and Class Members paid, a premium for the Pizzas.

36.     The Pizzas, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS" label.

37.     Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

38.     Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Missouri citizens who purchased Freschetta
> brand Brick Oven Crust Five Cheese Pizza; Naturally Rising

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

> Crust Four Cheese Pizza; Gluten Free Four Cheese Pizza;
> Gluten Free Single Serve Four Cheese Pizza; Gluten Free
> Spinach & Roasted Mushroom Pizza; and/or Whole Grain
> Crust Four Cheese Pizza for personal, family or household
> purposes in the five years preceding the filing of this Petition
> (the "Class Period").

39.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

40.     Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

41.     There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

a.  Whether the "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS" claims on the Pizzas' label are false, misleading, and deceptive;

b.  Whether Defendant violated the MMPA by selling the Pizzas with false, misleading, and deceptive representations;

c.  Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.  Whether the label of the Pizzas creates false impressions and has the tendency and capacity to mislead consumers;

7

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

e.   Whether Defendant breach an express warranty;

f.   Whether Defendant was unjustly enriched; and

g.   The proper measure of damages sustained by Plaintiff and Class Members.

42.      The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff sand Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

43.      Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

44.      A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.   The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.   Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

c.   Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

substantial interest in individually controlling the prosecution of individual actions;

d.   When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.   This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

45.    Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

46.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation.  Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests.  Therefore, class treatment is a superior method for adjudication of the issues in this case.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of Missouri's Merchandising Practices Act**

47.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

48.     Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

49.     Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Pizzas have "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS" when it in fact they do contain the Preservatives and the Synthetic Flavor.

50.     In addition, by claiming the Pizzas have "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS," the label of the Pizzas creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Pizzas contain no preservatives or synthetic flavors, when in fact the Pizzas do contain the Preservatives and the Synthetic Flavors.  Moreover, the overall format and appearance of the label of the Pizzas has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Pizzas contain no preservatives or artificial flavors.

51.     The Pizzas were therefore worth less than the Pizzas as represented, and Plaintiff and Class Members paid extra or a premium for them.

52.     Neither Plaintiff nor any reasonable consumer would expect the Preservatives and Synthetic Flavor to be in Pizzas labeled "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS."

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

53.     Neither Plaintiff nor any reasonable consumer would know nor should know that Sodium Stearoyl Lactylate and Enzymes combine to act as a preservative or that Mono- and Diglycerides act as a preservative.

54.      Neither Plaintiff nor any reasonable consumer would know nor should know that Modified Food Starch and Hydrolyzed Soy and Corn Protein are disguised sources of MSG – the artificial flavor and flavor enhancer.

55.     Plaintiff and Class Members purchased the Pizzas for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Pizzas and the value of the Pizzas if they had been as represented.

56.     Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons.  § 407.025.2.

### Count II

### In the Alternative, Breach of Express Warranty

57.      Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

58.     Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Pizzas are "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS," guaranteeing to Plaintiff and the Class Members that the Pizzas were in conformance with the representation.

59.     This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased Defendant's Pizzas, and Plaintiff and Class Members relied on the affirmation when making their purchasing decisions.

60.      Defendant breached its express warranty that the Pizzas have "PRESERVATIVE

11

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

FREE" and "NO ARTIFICIAL FLAVORS" by providing Plaintiff and Class Members with a product that contained the Preservatives and the Synthetic Flavor

61.     As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Pizzas that were not what they were represented to be, and they have spent money on Pizzas that had less value than was reflected in the premium purchase price they paid for the Pizzas.

62.     Because Defendant made the affirmation of fact and promise directly on its own label and packaging, privity is not required to bring this claim.

63.     Because Defendant has actual knowledge that its Pizzas contain the Preservatives and Synthetic Flavor in contravention of its "PRESERVATIVE FREE" and "NO ARTIFICIAL FLAVORS" representations, pre-suit notice of this claim is not required.

64.     Plaintiff and Class Members suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Pizzas and the value of the Pizzas if they had been as represented.

## Count III

### In the Alternative, Unjust Enrichment

65.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

66.     By purchasing the Pizzas, Plaintiff and the Class Members conferred a benefit on Defendant in the form of the purchase price of the Pizzas.

67.     Defendant appreciated the benefit because, were consumers not to purchase the Pizzas, Defendant would have no sales and make no money.

68.     Defendant's acceptance and retention of the benefit is inequitable and unjust and

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Pizzas.

69.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.     Grant certification of this case as a class action;

b.     Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.     Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d.     Award pre- and post-judgment interest;

e.     Award reasonable and necessary attorneys' fees and costs; and

g.     For all such other and further relief as may be just and proper.

Dated: June 18, 2020                    Respectfully submitted,

By:     */s/ Matthew H. Armstrong*
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:     314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (MoBar 68659)
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas TX 75230
Tel:     972-387-4040

13

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

Email:  stuart@sgc.law

Attorneys for Plaintiff and the Putative Class

**2022-CC01185**

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| HALEIGH DARSONVAL, individually and on behalf of all other similarly situated Missouri citizens, | ) ) ) ) |
|      Plaintiff, | )    No. _____ |
| v. | )    Div. 1 |
| SCHWAN'S CONSUMER BRANDS, INC., | ) ) ) |
|      Defendant. | ) |

### ENTRY OF APPEARANCE

NOW COMES Matthew H. Armstrong of  Armstrong Law Firm LLC and hereby enters his appearance as attorneys of record for the Plaintiff Haleigh Darsonval in the above entitled proceedings.

Dated:  June 18, 2020       Respectfully submitted,

            By:     */s/ Matthew H. Armstrong*
                     Matthew H. Armstrong (MoBar 42803)
                     Armstrong Law Firm LLC
                     8816 Manchester Rd. No. 109
                     St. Louis MO 63144
                     Tel:    314-258-0212
                     Email: matt@mattarmstronglaw.com

                     Attorneys for Plaintiff and the Putative Class

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri E-filing System by electronic service on June 18, 2020.

                     */s/ Matthew H. Armstrong*

**2022-CC01185**

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

Haleigh Darsonval
_____
Plaintiff/Petitioner

vs.

Schwan's Consumer Brands, Inc.
_____
Defendant/Respondent

┌────────────────────────┐
                              For File Stamp Only



_____
Date

_____
Case number

_____
Division
└

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Haleigh Darsonval _____, pursuant
                          Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Clayton Willis | 1031 Lami St., St. Louis MO 64104 | 3146219300 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Sage Boehner | 1031 Lami St., St. Louis MO 63104 | 3146219300 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Schwan's Consumer Brands, Inc.
_____
Name
c/o CT Corporation System, Inc. RAGT
_____
Address
1010 Dale St. N., St. Paul MN 55517-5603
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By  M MCMULLEN
_____
Deputy Clerk

JULY 6,2020
_____
Date

Matthew H. Armstrong
_____
Attorney/Plaintiff/Petitioner
42803
_____
Bar No.
8816 Manchester Rd. No. 109, St. Louis MO 63144
_____
Address
314-258-0212
_____
Phone No.

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - June 18, 2020 - 01:33 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - June 26, 2020 - 01:02 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| HALEIGH DARSONVAL, individually | ) | |
| and on behalf of all other similarly situated | ) | |
| Missouri citizens, | ) | |
| | ) | |
| Plaintiff, | ) | No.  2022-CC01185 |
| | ) | |
| v. | ) | Div. 1 |
| | ) | |
| SCHWAN'S CONSUMER | ) | |
| BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Request for Appointment of a Special Process Server.

Plaintiff's Request is **GRANTED**.

**SO ORDERED:**

_____         _____
       Date                                              Circuit Court Judge



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC01185 | |
|---|---|---|
| Plaintiff/Petitioner:<br>HALEIGH DARSONVAL | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO  63144 | |
| vs. | | |
| Defendant/Respondent:<br>SCHWAN'S CONSUMER BRANDS INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Other Tort | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   SCHWAN'S CONSUMER BRANDS INC
                        Alias:
CT CORPORATION SYSYTEM INC
1010 DALE ST N
ST PAUL, MN  55517

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**July 6, 2020**
_____
Date

_____
*Thomas Kloeppinger*
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - July 16, 2020 - 11:09 AM

IN THE 22nd JUDICIAL CIRCUIT COURT
CITY OF ST. LOUIS, MISSOURI

**HALEIGH DARSONVAL**                          )
*Plaintiff(s)*                                         )
**vs**                                                )          **CASE# 2022-CC01185**
**SCHWAN'S CONSUMER BRANDS, INC.**              )
*Defendant(s)*                                        )

**Affidavit of Special Process Server**
Received by McDowell and Associates on 7/6/2020 to be served on:

Schwan's Consumer Brands, Inc.
CT Corporation Systems, Inc.
1010 Dale Street N
St. Paul, MN  55117

I, **Brian Schneider** being duly sworn, depose and say that on **7/15/2020** at **9:45 am,** executed service by delivering a true copy of the Summons and Petition in accordance with state statutes in the manner marked below:

( )   INDIVIDUAL SERVICE:  Served the within-named person.

(**X**)   CORPORATE SERVICE:  By serving **Jane Floyd** as **authorized agent to accept service.**
_____.

( )   SUBSTITUTE SERVICE:  By serving_____ as
_____.

( )   OTHER SERVICE:  As described in the **Comments** below by serving
_____ as _____.

( )   NON-SERVICE:  For the reason detailed in the **Comments** below:

**COMMENTS:**
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_____
7/15/2020
Appointed in accordance
with State Statutes

Subscribed and Sworn to before me on this 15th day
of July , 2020 by the affiant who is
personally known to me.

_____
**NOTARY PUBLIC**

Victoria Elaine Smith
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2023

McDowell & Associates
1031 Lami St.
St. Louis, MO  63104
(314) 621-9300

Electronically Filed - City of St. Louis - July 16, 2020 - 11:09 AM



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC01185 | |
|---|---|---|
| Plaintiff/Petitioner:<br>HALEIGH DARSONVAL | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO 63144 | |
| vs. | | |
| Defendant/Respondent:<br>SCHWAN'S CONSUMER BRANDS INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Other Tort | | |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  SCHWAN'S CONSUMER BRANDS INC
**Alias:**
CT CORPORATION SYSYTEM INC
1010 DALE ST N
ST PAUL, MN 55517

SPECIAL PROCESS SERVER

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

July 6, 2020
_____
Date

_Thomas Kloeppinger_
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Washington_ County, _MN_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _CT Corp via Jane Floyd_ (name) _Authorized Agent to Accept Service_ (title).
   ☐ other:_____ (title).
Served at _1010 Dale St, St. Paul, MN 55117_ (address)
in _Ramsey_ County, _MN_ (state), on _July 15 2020_ (date) at _9:44 pm_ (time).

_Brian Schneider_
Printed Name of Sheriff or Server

_[signature]_
Signature of Sheriff or Server

Subscribed and sworn to before me this _15th_ (day) _July_ (month) _2020_ (year).
I am (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_[signature]_  Notary Public
Signature and Title

_[Notary Seal]_
Victoria Elaine Smith
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2023

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID# 20-SMOS-1470**       1 of 2  **(2022-CC01185)**       Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo

Electronically Filed - City of St. Louis - July 16, 2020 - 11:09 AM

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.